HARRIET A. GILLIAM, ESQ.
P.O. BOX 1485
RIVERHEAD, NY  11901
(631) 369- 1400
hgilliamesq@earthlink.net
-----------------------------------------------------------------X
BETTY F. GREENE-BROWN,

                     Plaintiff,          CV- 11-4308
                                  (SJF) (ARL)

      -against-

BRENTWOOD UFSD; BOARD OF EDUCATION,
BRENTWOOD UFSD; GEORGE TALLEY,  Individually
And as President, Board of Education, BRENTWOOD
UFSD; LORRAINE PACE, Individually and as Vice
President, Board of Education, BRENTWOOD UFSD;
STEPHEN COLEMAN, Individually and as Trustee,
BRENTWOOD UFSD; ROLAND JIMINEZ, Individually,
And as Trustee, BRENTWOOD UFSD; DONNA JONES,
Individually and as Superintendent of Schools, BRENTWOOD
UFSD; DR. JOAN LANGE, Individually and as Assistant
Superintendent of Schools, BRENTWOOD UFSD,

                    Defendants,

-----------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S   OBJECTIONS TO THE
REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ARLENE LINDSAY**


                                **HARRIET A. GILLIAM**
                                **Attorney for Plaintiff**
                                **P.O. Box 1485**
                                **Riverhead, NY  11901**
                                **(631) 369-4225**

# TABLE OF CONTENTS

**Page**

**Preliminary Statement**                                                      1

**Statement of Material Facts in Dispute**                          2

**Objections**                                                                        2

**ARGUMENT-**
       **STANDARD OF REVIEW OF OBJECTIONS**           4

       **OBJECTIONS**
       **FAILURE TO ADHERE TO THE STANDARD OF**
       **REVIEW ON SUMMARY JUDGMENT**                      5

       **FAILURE TO FIND DIRECT EVIDENCE OF**
       **OF DISCRIMINAITON**                                        7

       **FAILURE TO APPLY MCDONNELL DOUGLAS**          8

       **FAILURE TO FIND RETALIATION**                        19

       **SECTION 1981/1983 CLAIMS**                              20

       **CONCLUSION**                                                    20

## TABLE OF AUTHORITIES

**CASES**                                                   **PAGE**

**Arista Records, LLC v. Doe 3,**        604nF. 3d 110           **4**
**(2d. Cir. 2010)**

**Carbone c. County of Suffolk,** 2013 U.S. Dist. LEXIS        **5**
**49003 (E.D.N.Y. April 2, 2013(**

**Celotex Corp v. Catrett,** 477 U.S. 317 (1986)              **6**

**Colon v/ Coughlin,** 58 F.3d 865                            **6**

**Francis v. City of New York** 1999 U.S. Dist. LEXIS 8429    **8**

**Ramos v. Baldor Specialty Foods,** 687 F. 3d 554            **6**

**Ricci d. DeStafano** 557  U.S, 377 (2009)                   **6**

**Rubert v. City of Rochester** 701 F. Supp 2d 430 (W.D.N.Y. 2010  **11**

**Spinelli v. City of New York,** 579 F.3d  159 (2d. Cir. 2009)    **5**

**Tomassi v. Insignia Fin.** 478 F.3d 111 (2d. Cir. 2007           **8**

## PRELIMINARY STATEMENT

Pursuant to Fed. R.Civ. P. 72  (a) Plaintiff herein, BETTY F.  BROWN GREENE,

("Plaintiff")  submits the following objections to The Report and Recommendation

("RR") of Magistrate Judge Arlene Lindsay issued on April 9, 2013 in the above-captioned

matter as specifically set forth in the accompanying Declaration of Harriet A. Gilliam, Esq. and

addressed herein.   Throughout the objections, plaintiff shall refer to the record as identified by

the Docket entries.

The Summons and Verified Complaint in this matter was filed on September 8, 2011.

Defendants filed a  motion to dismiss for failure to state a claim, which was referred to

Magistrate Judge Arlene R. Lindsay .  During the pendency of the motion  there was no stay of

discovery and the parties proceeded accordingly  with discovery exchange and depositions.

Subsequently, the  Motion to Dismiss was terminated by Order of the Court on February 14,

2013, based upon defendants having incorporated their arguments raised in said motion into

the pending Motion for Summary Judgment which had been referred to Magistrate Judge

Lindsay.

The Joint Pre-trial Order in this matter was deemed accepted for filing by Order dated

October 4, 2012.   A status conference in this matter was held before Judge Feuerstein on March

4. 2013 and the matter has been set  for jury selection and bifurcated trial beginning June 3,

2013.

On April 9, 2013, Magistrate Judge Lindsay issued a Report and Recommendation to

dismiss all of plaintiff's claims under Title VII, Section 1981 and Section 1983, and to enter

summary judgment in favor of defendants.  As more fully set forth herein, plaintiff submits that

the Report and Recommendation should be rejected by the Court, as it is contrary to the proof

1

presented by plaintiff which must be read in the light most favorably to her.  Moreover, as set

forth herein,  plaintiff submits that there are genuine issues of material facts in dispute which

warrant consideration and determination by a trier of fact.  Plaintiff further objects on the basis

that the case law was misconstrued and misapplied, resulting in a decision that is contrary to the

 decisional law.  Finally, plaintiff submits that the in the interest of justice, plaintiff's case

should not be summarily dismissed since there are numerous  questions of fact and  issues of

credibility which are central to this employment discrimination case which should be decided by

the trier of fact.

       Plaintiff respectfully requests a de novo review of the record and the factual

findings and legal conclusions on the bases set forth more specifically in the objections.


## STATEMENT OF MATERIAL FACTS IN DISPUTE

       Plaintiff defers to her Statement in Opposition to Defendants' Statement of

Uncontested Facts, as well as her Counter Statement of  Uncontested Facts, identified as

Docket Entry # 62.


## OBJECTIONS

       Plaintiff, Betty F. Greene Brown, objects to the Report and Recommendation dismissing

the plaintiff's claims and granting defendants summary judgment.  Plaintiff requests that the

Report and Recommendation be rejected on all grounds.

       The grounds for plaintiff's objection are that Magistrate Judge Lindsay:

       1.  Erred in considering the deposition testimony of Mrs. Nunez and her daughter

as all of this information was not before the investigator, defendant Lange, at the time she

made her recommendation  and is tantamount to conducting a trial within a trial as to the A.N. matter;

2.   Erred in relying upon hearsay statements of "K" with regard to plaintiff's handling of the A.N. matter;

3.   erred in making factual determinations that plaintiff had not met her burden of establishing her claims of  adverse employment actions; failure to promote; and disparate treatment on account of her race and gender;

4.   erred in failing to apply the proper standard of review for a motion for summary judgment.

5.   erred in finding that plaintiff had not presented direct proof of racial animus of Defendant Talley;

6.   erred in finding that plaintiff had not met her burden of proof under the burden shifting analysis of *McDonnell Douglas*  with respect to her claims of racial and gender discrimination and her claims of retaliation;

7.   erred in misconstruing Sections 211 and 201 of the New York State Retirement Law in reaching the erroneous conclusion that the former statutory provision rendered plaintiff ineligible for consideration  at a time when she was still a full time, paid employee of  the District;

8.   Erred in finding that plaintiff's Section 1981 claims against the named defendants was based upon their alleged actions in their official capacity, thereby converting the claims to  vicarious municipal liability claims  under Section 1983, and consequently failing for lack of evidence  of a municipal policy or practice that violated her constitutional and statutory rights,

3

when the caption clearly states that the named individuals are being sued in their

individual capacities.  .

As more fully set forth herein, plaintiff respectfully requests that the Court reject the

Report and Recommendation issued by Magistrate Judge Lindsay pursuant to   Fed. R. Civ. P. 72

(b)(3)


## ARGUMENTS

### I. STANDARD OF REVIEW OF OBJECTIONS.

The Court is required to conduct a de novo determination of those portions of the

Report and Recommendation to which objections are made.  28 U.S.C. Section 636

**(b)(1)(C).**   Fed. R. Civ. P. 72(b)(3) ;  Arista Records, LLC v. Doe 3,  604 F. 3d 110, 116  (2d.

Cir.2010)  ;  Grassia  v. Scully ,  892  F. 2d 16, 19 (2d. Cir. 1989).  The legislative intent in so

defining the scope of review is to declare that the District Judge has the discretion to determine

whatever reliance he/she  chooses to place on the Magistrate Judge's proposed findings and

recommendations. United States v. Raddaz, 447 U.S. 667, 676, 100 S.Ct. 2406 (1980)

The Court may also, in its discretion, review the record and hear oral argument on the

objections.  See Pan Am World Airways , Inc. v. Int'l  Bhd of Teamsters, 894 F.2d 36, 40 n. 3

(2d. Cir. 1990)  This is especially true when there is an issue as to the credibility determination.

As the Court noted in Grassia, supra, there can be troubling questions of constitutional due

process raised by making credibility determinations on a cold record.

4

In this case, plaintiff did object to much of what defendants' asserted as undisputed material facts, and further presented her own Rule 56.1 Counterstatements and Declarations with exhibits clearly indicating that there are genuine disputes as to material facts regarding adverse employment actions, failure to promote, disparate treatment, retaliation and pretext. The determination as to facts related to this issues go to the very essence of plaintiff's claims and should be presented to the trier of fact. Throughout the RR the assumption is made, that is unsupported by the proof, that defendants have met their burden of establishing the absence of any genuine issue of material facts, relying upon misinterpretation of facts and misapplication of law, as more fully set forth herein. Even if this Court were to find that defendants met their burden in this regard, plaintiff submits that she has come forward with evidence that would be sufficient, if all reasonable inferences as drawn in her favor, to establish the existence of "a factual question that must be resolved at trial." Spinelli v. City of New York, 579 F.3d , 159, 166 ( 2d. Cir. 2009)

Plaintiff respectfully requests that this Court conduct a de novo review of the entire record to ascertain issues of disputed fact necessary to overcome summary judgment, especially where the defendants' state of mind and intent are at issue.

Plaintiff submits that under this standard the Court should find that there were factual and legal errors made, which require the Report and Recommendation to be rejected in its entirety.

## II. OBJECTIONS:

### A. FAILURE TO ADHERE TO THE STANDARD OF REVIEW ON SUMMARY JUDGMENT

As this Court has opined in Carbone v. County of Suffolk, 2013 U.S. Dist. LEXIS

49003 , (E.D.N.Y. April 2, 2013)  , summary judgment should only be granted where the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)  In order to defeat a motion for summary judgment, there must be a genuine issue of material fact, that is facts that might affect the outcome of the suit when applied to the governing law.  See Ramos v. Baldor Speciality Foods, Inc.,  687  F. 3d 554, 558 92d. Cir. 2012)  Moreover, there must be a finding that the non-moving party has no evidentiary support for an essential element for which it bears the burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548  (1986)

In assessing whether there is a genuine dispute as to a material fact, the facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.  Ricci v. DeStafano,  557 U.S. 577, 129 S.Ct. 2658, 2677 (2009) If the district court determines that there is a genuine dispute as to a material fact, the court must then "resolve all ambiguities , and credit all factual inferences that could rationally be drawn in favor of the party opposing summary judgment.  Spinelli v. City of New York,  579 F.3d 160, 166 (2d. Cir. 2009)  The moving party bears the burden of establishing the absence of any genuine issue of material fact.  Zalaski v. City of Bridgeport Police Department, 613 F.3d  336, 340 (2d. Cir. 2010)  The burden then shifts to the nonmoving party to "come forward with specific evidence demonstrating the existence of a genuine dispute of material fact.

A verified pleading, to the extent that it makes allegations on the basis of  the plaintiff's personal knowledge  and not merely upon "information and belief", has the effect of an affidavit and may be relied on to oppose summary  judgment.  Colon v. Coughlin, 58 F. 3d 865, 872

(2d. Cir. 1995)

The RR takes as undisputed most of the Defendants' Statements, notwithstanding the fact

that plaintiff denied most of said Statement and submitted a Counter Statement of Facts.

It is only where there is an undisputed fact that there is an absence of sufficient proof as to one

essential element of a claim, that the factual disputes with respect to other elements become

immaterial and cannot defeat a motion for summary judgment.   As more fully set forth

below, such is not the case here:  The RR misconstrues the issues as well as the proof

of material facts, which if disputed, require there to be a trial.


**B.   THE MAGISTRATE JUDGE ERRED IN FINDING THAT PLAINTIFF FAILED
TO SUBMIT DIRECT EVIDENCE OF DISCRIMINATION UPON WHICH A
REASONABLE TRIER OF FACT COULD FIND FOR PLAINTIFF**


The RR concluded at pages 15 and 16 that plaintiff has not presented the type of

evidence sufficient to circumvent the burden shifting analysis of indirect proof as enunciated in

*McDonnell Douglas.*   Plaintiff submits that the Magistrate Judge erred in finding that she has

submitted no direct evidence of Talley's discriminatory animus.

Plaintiff established through the deposition of  union president  O'Brien that he has heard

Talley make derogatory racial remarks, and that the one he can recall related to an African

American,  Christopher Dowdy, for whom O'Brien was advocating for a vice principal position

and Talley responded with a question to O'Brien  as follows:

So you are telling me that after two years, I will forget that he is black?

7

Gilliam Declaration Exhibit TTT 84:16-25; 85: 2-20 Docket Entry  61, #11.    1/

In response to the question as to whether he had ever heard Talley make racial comments

O'Brien testified yes, and stated that Talley's comment about Dowdy was one that stuck in his

mind.  Id.

Plaintiff also established that defendant Talley engaged in racial slurs

through the direct testimony of O'Brien, who when questioned about statements that

Talley made to Frank Sciemeca, as set forth in a sworn affidavit, stated that he had no

reason to disbelieve Mr. Sciemeca's sworn statement  that Talley referred to defendant

Jones as a "black bitch" .  Id. p  154:5-24  Defendant Jones also testified that based upon

Her knowledge of Talley that she believed he made the racially charged statement about her.

Gilliam Declaration Exhibit MMM 143, 144:2-4, Docket Entry 61, Exhibits 1 and 2.

Plaintiff also provided evidence that Talley has been the subject of numerous complaints

To the NYS Division of Human Rights and EEOC regarding allegations of race discrimination.

Gilliam Declaration Exhibit GGG 955-957; Docket Entry 60, Exhibit 9..

The Magistrate Judge  erred in treating Talley's remark to O'Brien as a stray

remark, citing Chuang v. T.W. Wang, Inc.,  647 F. Supp. 2d 221, 238  ( E.D. N.Y. 2009)

This is especially true given the fact that O'Brien had testified that he had heard Talley

make racially derogatory comments before and that the Christopher Dowd one happened to

be one that came to mind.

It is not dispositive that the comment was not directed towards plaintiff:  It is well-

established that invidious comments about persons in the plaintiff's protected

1/ Reference is made to the Docket sheet

8

group may contribute to a permissible inference of discriminatory intent." <u>Francis v. City of New York,</u> 95-CV-212, 1999 U.S. Dist. LEXIS 8439, 1999 WL 369955, at * 1 (E.D.N.Y. June 1, 1999) ( citing <u>Chambers v. TRM Copy Ctrs.,</u> 43 F.3d 29, 37 (2d. Cir. 1994)

     In this regard, plaintiff submits that the reference to the affidavit of Scimeca should have been considered as further evidence of Talley's propensity for making discriminatory remarks about African Americans and women since it is a sworn affidavit. .

     The RR finding that the plaintiff's direct proof of Talley's racial animus only constituted an insignificant "stray remark" is contrary to the analysis of the Second Circuit on this issue.

     Notwithstanding a body of case law within this Circuit addressing the insufficiency of "stray remarks" the Second Circuit has clarified that such remarks cannot be ignored:

> Where we described remarks as "stray," the purpose of doing so was to recognize that all comments pertaining to a protected class are not equally probative of discrimination and to explain in generalized terms why the evidence in the particular case was not sufficient. We did not mean to suggest that remarks <u>should</u> first categorized either as a stray or not stray and then disregarded if they fall into the stray category.

<u>Tomassi v. Insignia Fin. Grp. , Inc.,</u> 478 F. 3d 111, 115-16 (2d. Cir. 2007) See also <u>Henry</u>

     The Report and Recommendation erroneously states that even if admissible, they are not Probative of defendants ' [ Talley's] motive in taking action. In making this finding, the Magistrate Judge is impermissibly weighing the evidence and the analysis should be rejected. .

## C.   THE MAGISTRATE JUDGE FAILED TO PROPERLY APPLY THE *McDONNELL DOUGLAS* BURDEN SHIFTING ANALYSIS TO PLAINTIFF'S TITLE VII CLAIMS

     To establish a prima facie case of employment discrimination , "a plaintiff must

show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination.  Ruiz v. City of Rockland, 609 F.3d 486 , 491 (2d. Cir. 2010)   The Magistrate Judge erroneously concluded that plaintiff failed to meet her burden with respect to elements 2, 3, 4, , which will be addressed in the order in which they are discussed in the Report and Recommendation.

The Magistrate Judge addressed plaintiff's race, gender and religious claims collectively.  In reaching the decision that defendants are entitled to summary judgment as to each of these claims, the Magistrate Judge makes the following findings, to which Plaintiff objects as being contrary to the undisputed facts, or about which there is a material fact in dispute.  Plaintiff further objects to the  Magistrate Judge's application of the law to the alleged facts as to which plaintiff has presented proof  in this case as follows:

1. *Adverse Employment Actions*

At the outset, in the analysis, the RR treats as one action plaintiff's forced resignation/ retirement and the separate action in denying her tenure.  ( in fact plaintiff couches the latter issue in terms of denial of tenure consideration or an extension of her probationary period, as was done for another administrator) See Paragraph110  of the Verified Complaint.   The RR merely states "… it is clear that these actions are one and the same".  The RR  at page 22 incorrectly asserts that the only action taken by the defendants was Jones' recommendation to terminate Greene's employment and that recommendation does not constitute an adverse employment action.

Contrary to the factual determination in the RR regarding adverse action and tenure, the testimony of Jones, as well as the documentary evidence of  tenure reports to the Board

9

establish that the District was considering plaintiff's tenure well before the Nunez incident,

See Exhibits H, November 7, 2008 HR letter;Exhibit DDD, Exhibit EEE, Docket Entries 56 #8;

60 ##6,7, respectively.  See also paragraphs 34, 35, 36, 37

Likewise, the RR at page 23 incorrectly determines that plaintiff resigned before Jones

and the Board could act on Jones' recommendation to terminate plaintiff, and therefore there

was no adverse reaction.

The Magistrate Judge also errs at p. 24 in concluding that  " A review of the record

indicates that did not, however create the type of atmosphere that would have compelled a

reasonable person in Greene's shoes to resign.  Greene could have waited for Jones'

explanation and submitted a response directly to the Board before submitting her resignation.

Instead Greene chose to respond to the allegations fifteen days after she had already submitted

her notice of resignation."  ( refer to fn p. 24)

The Magistrate Judge misconstrues plaintiff's  adverse employment argument:  Plaintiff

clearly submitted that the verbal reprimands by Lange and Jones, the written reprimand

by Jones, the persistent threats of termination  with the representation that it would be carried

out; the persistent ultimatums  by Jones that either plaintiff retire or she will be terminated; and

the forced termination,/ resignation  all constituted adverse employment action.See the

paragraphs numbered 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 93  in the Verified

Complaint, which is the equivalent of an affidavit.

 The Magistrate Judge erred in  declining to find that plaintiff had experienced  the

adverse employment action of constructive discharge in light of these  the proof submitted

as to these material facts from which reasonable triers of fact could determine that plaintiff

either had to resign/retire or be terminated.  .

The determination of whether alleged conduct is adverse " is a heavily fact-specific contextual determination"  Zilnick v. Fashion Inst. Of Tech. , 464 F.3d 217, 226 ( 2d. Cir. 2006)

The Magistrate Judge erred in declining to find that plaintiff's claim of constructive discharge constituted an adverse employment action.  This is contrary to the body of decisional law that recognizes that threats of termination can be of the utmost importance when alleged in the context of a constructive discharge claim:  This is because a "triable issue of fact as to constructive discharge may be demonstrated by proof that an employee was presented with the decision to resign or be fired."  Rubert v. City of Rochester,Dep't of Env. Servs.,  701 F.Supp 2d. 430, 440 (W.D.N.Y.  2010) ; Grey v. City of Norwalk Bd. of Educ.,  304 F. Supp. 2d. 314, 324 ( D. Conn. 2004)  ( threats of termination alone are sometimes sufficient to show constructive discharge)  See also, Lopez v. S. B. Thomas, Inc.,  831 F.2d 1184, 1188-89 (2d. Cir. 1983) (citing Welch v. Univ. of Tex. , 659 F. 2d 531, 533-34 (5th Cir. 1981) ("finding constructive discharge where employer clearly expressed desire that an employee resign because such statement would force a reasonable person to resign.")

Lastly, the RR overlooks the fact that the Board and Superintendent clearly indicated that there would be no reconsideration of the decision to accept plaintiff's resignation/retirement because then the community and the plaintiff would have been deemed to have won.  Gilliam Declaration Exhibit JJJ  Docket 61 # 12.

*a)  Qualified for Promotion*

The Magistrate Judge erred in finding under "*b.  Qualification for the Promotion*"  pages 24- 26  that the plaintiff's retirement  operated as a barrier under Section 211 of the NYS Retirement and Social Security Law to her being deemed qualified for the position of the

11

Principal of the Evening School.

First, there are several factual errors which enabled the Magistrate Judge to reach this faulty conclusion:

1.   Plaintiff's retirement had not actually taken effect, she was still an active, fulltime District employee at the time she applied for the position;  Verified Complaint paragraph

2.   She never received any notification from the District's Human Resources office, that screened the applicants as to their eligibility, that she was ineligible to be considered for the position because of her pending retirement. Gilliam Declaration Exhibit NNN page, 53, 54,; Docket Entry  p. 61 # 3 :   To the contrary, there were several members of the screening committee who deemed it appropriate to screen plaintiff for the position.  Gilliam Dec Declaration Exhibit    GG Bates 2042 , Docket Entry 58 #7

3.   Greene, indirectly, through the requests of the community at the February 25, 2009 school board meeting did request that the Board reconsider its actions in accepting plaintiff's resignation.  Moreover, the Board members stated at the meeting that there would be no reconsideration of the acceptance of the resignation, although the Board had done so on other occasions.  Gillliam Declaration Exhibit TTT

Also, it was a foregone conclusion that plaintiff would be promoted to the position. Even  plaintiff's supervisor Bracco, testified that plaintiff  was the only one who knew all the very aspects and components of the position of Principal, Evening High School and Summer School.  Exhibit UU Gilliam Declaration, p. 69:7-13; Docket Entry 59 #8

With regard to the legal issues, the Magistrate Judge misconstrued Section 211 of the NYS Retirement and Social Security Law when the conclusion was reached that this statutory provision barred plaintiff from being considered for the position of Principal, Evening High

School.  The RR ignores the clear statutory language as to the definition of "retired

person"  at Section 210(a) of the NYSRSS, which defines retired person as follows:

> The term "retired person" means a retired member of a retirement system or
> Pension plan administered by the state or any of its political subdivisions who
> Is receiving a retirement allowance for other than physical disability.

It is clear from this definition that, at the time plaintiff applied for the position, she was

not retired as defined by the applicable statute:  Nor was she automatically rendered ineligible

for consideration at the time she submitted her application and at the time the interviews were

conducted.

Moreover, the RR takes the giant leap to find that plaintiff was not eligible as of the

effective date of the position, July 1, 2009, not the dates during which the first and second

rounds of interview occurred  and further discounting the fact that the District could have

rescinded its decision regarding  Plaintiff's resignation/retirement and chose not to do so.  .

**3.** *Pretext*

To show pretext, a plaintiff is not "required to prove the employer's stated justification

was asserted with intent to deceive or in bad faith"; rather, he must simply show that

"discrimination played a role in an adverse employment decision."  Henry v. Wyeth Pharms.,

Inc.,  616 F.3d 134, 157 (2d. Cir. 2010) cert. denied, 131 S.Ct. 1602 (2011)

The Magistrate Judge, at pages 26- 35  incorrectly finds that there is no inference of

discrimination by since there was no finding of  pretext or because the employer has a

diverse workforce.

**13**

The RR adopts the defendants' argument that they had legitimate, nondiscriminatory reasons for terminating plaintiff's employment after a 38 year unblemished record.   In so doing, the Magistrate Judge  went beyond the scope of summary judgment review to conclude "To begin with, a thorough investigation was conducted by Lange, which revealed that Greene had exercised poor judgment in her handling of the Nunez incident.  See Silverman Decl. at Exs. V at 656: Z.  That conclusion, in and of itself, was a legitimate basis to recommend Greene's termination."  The Magistrate Judge reaches this conclusion, notwithstanding the following undisputed fact which are addressed in plaintiff's  Counterstatement 51, 53, 54: and Exhibits K, L Gilliam Declaration, Docket Entries 56 #1,12

1.    There was no recommendation by Lange that plaintiff be terminated;

2.    There was nothing that the District  pointed to specifically as an act or omission on the part of plaintiff which imperiled the life of the student ;  there was no proof that plaintiff did anything that caused the child to experience further bleeding in the ambulance on the way to the hospital or subsequently at the hospital when she was being treated by the doctor in the emergency room;

3.    Jones, the Superintendent of Schools, did not feel that plaintiff should be terminated. ; she viewed this as an isolated incident for which a letter of counseling in plaintiff's file would have been more appropriate discipline;

4.    There was no District policy that addressed the actions plaintiff should have taken; nor could the District point to any policy or procedure which was violated by plaintiff;

5.  The District was negligent in not having a medical professional on duty after school.

14

6.    Plaintiff's supervisor O'Brien testified that she did what any prudent administrator would have done;

7.    Plaintiff's supervisor Bracco testified that she acted appropriately.

*4. Disparate Treatment*

The RR at pages 30-35 finds that plaintiff has not offered sufficient proof of disparate treatment with respect to disciplinary measures.  At the outset, plaintiff objects to the limitation of the characterization of plaintiff's disparate treatment claims:  Plaintiff had presented admissible evidence of disparate treatment with regard to tenure determinations as well as disciplinary actions.

The rationale articulated in the RR that plaintiff has not identified comparators is faulty and not supported by the proof offered by plaintiff in opposition to defendants' summary judgment motion.  The seminal decision  on comparators,  Graham v. Long Island R.R.,  230 F. 3d 34, 40 (2d. Cir. 2000)  states that there must be an "objectively identifiable basis for comparability" between the plaintiff and the comparator employee, which includes an assessment of "whether the conduct for which the employer imposed discipline was of comparable seriousness."

The Magistrate Judge acknowledged that the finding of comparability is generally an issue for the trier of fact. Plaintiff objects to the determination that she has not offered sufficient evidence from which a jury could reasonably conclude that there was indeed disparate treatment.  See fn. 29 of the RR.   Plaintiff identified three individuals whom she submitted

15

were comparators as set forth in the memorandum in opposition  at pages 18-20 and as set forth

in  plaintiff's counterstatement at paragraphs 81-94; 104-114, and Exhibits JJJ ; KKK and MMM

 to the Gilliam Declaration in support of Summary Judgment.

     The RR relies upon the holding in <u>Pierre v. New York State Depart of Correctional</u>

<u>Services,</u> 2009 U.S. Dist. LEXIS  51798 , (S.D. N.Y. June 1, 2009)  where the court there

determined that there was no evidence to establish whether the plaintiff in that case and another

employee were similarly situated and raised no issue of fact as to whether they were disparately

treated.  Plaintiff herein submits that this is a two pronged analysis, which the RR incorrectly

merged together:  First there must be a finding of similarly situated and then there must be

a finding of disparate disciplinary treatment.

     Plaintiff submits that the following proof by plaintiff cuts against the RR finding of

lack of proof of comparability:

     1.   Plaintiff identified three male comparators, Reuben, Suarez and Palumbo who are not

African American, who were all vice principals and who were all supervised by the same

supervisor as plaintiff, the defendant Superintendent of Schools, Donna Jones;

     2.   Plaintiff established that defendant Jones had issues with each of the three

comparators conduct or behavior as being in violation of District policy and warranting

disciplinary action;

     3.   The comparators Reuben, Suarez and Palumbo all engaged in egregious conduct,

s determined by defendant Superintendent Jones.  In fact Jones deemed the actions of

these individuals to have been far more egregious than the alleged conduct of plaintiff;

     4.   The actions of comparators Reuben and Palumbo did involve misconduct

16

towards students

    5.   Jones found the misconduct to require immediate disciplinary action and accordingly placed the individuals on immediate suspension, or reassigned them to duties that did not entail having contacts with students;

    As for the disciplinary action meted out to the individuals, the Magistrate Judge goes to great length to justify why the differential disciplinary should viewed as negating plaintiff's claim of disparate treatment.  Taking each comparator:

    1.   The RR at page 31 concludes that Rubin is not a valid Comparator because the investigative report found the student's claims of sexual misconduct to be unbelievable.  Gilliam Declaration JJJ    As punishment as to that Finding Rubin was permitted to resign and was then reappointed to the position of dean/teacher. Rubin violated a clear district policy and also had to be reported to the NYS Department of Education with regard to his actions.

    2.   With respect to Palumbo, plaintiff objects to the RR at page 31, that he is not a valid comparator.  This is contrary to Jones deposition MMM at 87, 78 , The Court makes the assumption that the only reason Palumbo was not terminated was because of a limitations issue. However, there is nothing in the record to support a finding that this was the only reason Palumbo wasn't terminated.  There is a question raised as to whether Jones would have  been Overruled by the Board in any event.

    3.   Suarez, the RR mistakenly makes the distinction that since his alleged misconduct did not involve students, he is not a valid comparator to plaintiff. Moreover, the Magistrate Judge incorrectly assessed the situations in finding that Suarez did not

resign upon the charges,   There was no evidence that Suarez, like plaintiff, was being pressured to resign or face termination.

4.   The Magistrate Judge rejected the plaintiff's argument that Escorbores was treated Differently when he was allowed to extend his probationary period and was subsequently Granted tenure.  Plaintiff objects to the RR finding that there was not sufficient evidence to determine whether his conduct was of comparable seriousness.  In so finding, the Magistrate Judge completely disregarded that Escorbores was slated for  termination but given a reprieve. clearly the misconduct had to be serious enough to warrant consideration of termination. He was permitted to stay on and received tenure.

*d. Comparators with Respect to Plaintiff's Claim of Disparate Treatment in Promotion*

The RR also fails to acknowledge the circumstances that resulted in the second solicitation of applicants, which resulted in the selection of Farnetti.

There simply is no basis for the Court's determination that the District was not considering retirees as stated at p. 33 footnote 30.

The Escorberes affidavit at best raises a factual issue as to whether he was forced to withdraw from consideration.

The plaintiff objects to the RR finding  at page 34  that she relied solely on her own assessment  of her work performance in establishing pretext.   The RR improperly failed to give any consideration to plaintiff's well founded argument that her supervisor, Denis Braco, the individual who was retiring from the position of Principal in question, clearly and unequivocally stated that plaintiff was the only individual qualified for the position because

18

she had been performing the job.  See Gilliam Declaration Exhibit UUU p. 69  Docket Entry 61

#12  Also, the RR mischaracterizes plaintiff statement hat she did not disagree that Farnetti had

longevity in the District, having served as an Assistant Principal for six years, twice as long as

plaintiff.  The Magistrate Judge completely disregards the argument about the nature of the

experience.  Braco's testimony made it patently  clear that there was no one in the district with

comparable experience and level of performance as plaintiff when it came to the training and

experience for the promotion.

Lastly, the Magistrate Judge , at pages 34-35 improperly relies upon the holding in

Submanian,v. Prudential Securities , Inc.,    No. 01-6500, 2003 U.S. Dist. LEXIS  23231

(November 20, 2003, E.D.N.Y.)   regarding representation of minorities in the

workforce as further indication that there could  Be no pretext of discrimination .   In so

finding, the RR completely goes beyond the relevant time period, taking into considerations

hirings/promotions through  2011, 2 years after plaintiff's forced resignation/retirement and

further fails to consider that with respect to the position plaintiff sought, the data shows that

plaintiff was the only African American to have applied for the position of Principal EHS.

Exhibit III, response to plaintiff's interrogatory No. 2   Docket Entry 60 #11.

D.  Plaintiff's Retaliation Claim

The RR at pages 35- 37  erroneously concludes that plaintiff has not submitted sufficient

Proof to support a claim of retaliation, finding that the only evidence of this is a "fleeting

Reference "  with respect to an e-mail quoting a board member as stating that if the community

Had agreed to reconsider plaintiff's resignation, then the community and its organizer Billy Moss

Would have won.  ( footnote 35)   The RR also goes to great lengths to discredit plaintiff's

19

Deposition testimony that she told defendants Lange and Jones that she felt she was being

Discriminated against … set up , because [she] would have been the first African-American

Principal on the high school level." LLL 81:19-82:7.  The Magistrate Judge erroneously

Discredits this statement based her understanding that plaintiff's statement was made before

February 5, and the notice for the position of EHS Principal was not posted until March.  (fn33)

The RR totally discounts the reality of the situation that Bracco had announce his retirement in

October of 2008  Gilliam Declaration Exhibit

### E.   Section 1981 Claims /1983 claims

The RR at pages 37-38 erroneously treats plaintiff's Section 1981 claim against the

individual  defendants as a vicarious liability claim against the municipality, the Brentwood

Union Free School District and fails to make a finding as to why there is not a factual

Dispute as to the involvement of the individual defendants.


### CONCLUSION

For all of the foregoing  reasons as well as the reasons  previously

Stated in plaintiff's opposition to defendants' motion for summary judgment,

it is respectfully requested that the Court reject the April 9, 2013 Report and Recommendation

of Magistrate Judge Lindsay in its entirety.

Dated:  Riverhead, New York
         April 23, 2013

                              _____
                              Harriet A. Gilliam (HAG2333)
                              Attorney for Plaintiff
                              P.O. Box 1485
                              Riverhead, NY  11901
                              (631) 369-1400

5417

**Fn 4, dr. lange's notes do not contain the same information as the deposition testimony of nunez**

**Hearsay p. 5**

**All reference to k testimony would be hearsay**