UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BETTY F. BROWN GREENE,

                  Plaintiff,

                  **ORDER**
                  11-CV-4308 (SJF) (ARL)

-against-

BRENTWOOD UNION FREE SCHOOL DISTRICT,
et al.,

                  Defendants.
-----------------------------------------------------------X

FEUERSTEIN, J.

On September 8, 2011, plaintiff Betty F. Brown Greene ("plaintiff") commenced this action against the Brentwood Union Free School District (the "District"), the Board of Education of the District (the "Board"), Board members George Talley, Lorraine Pace, Stephen Coleman, and Ronald Jimenez, Superintendent Donna Jones, and Assistant Superintendent Joan Lange (collectively, "defendants"), alleging that defendants discriminated and retaliated against her in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and 42 U.S.C. § 1983. [Docket Entry No. 1]. On December 19, 2012, defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Docket Entry No. 49]. Now before the Court is the Report and Recommendation of Magistrate Judge Arlene R. Lindsay, dated April 9, 2013, recommending that defendants' motion for summary judgment be granted on the grounds that: (1) plaintiff has failed to establish a prima facie case of discrimination because the evidence offered does not demonstrate that she (a) suffered an adverse employment action or (b) was qualified for the position to which she was denied promotion; and (2) even if a prima facie case were established, she has failed to rebut the non-

1

discriminatory reasons for her treatment offered by defendants. [Docket Entry No. 69] (the "Report"). Plaintiff has filed objections to the Report. [Docket Entry No. 70] ("Objections"). For the following reasons, plaintiff's objections are overruled, and the Court adopts Magistrate Judge Lindsay's Report in its entirety.

I.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. FED. R. CIV. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of N.Y., Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See FED. R. CIV. P. 72(b); Johnson v. Goord, 487 F. Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); Baptichon v. Nevada State Bank, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

II.  Plaintiff's Objections

   A.  Standard of Review

Plaintiff asserts that Magistrate Judge Lindsay applied the incorrect standard of review to the motion for summary judgment by "tak[ing] as undisputed most of the Defendants' Statements, notwithstanding the fact that plaintiff denied most of said Statement and submitted a Counter Statement of Facts." Objections at 7. Plaintiff therefore requests "that this Court conduct a de novo review of the entire record to ascertain issues of disputed fact necessary to overcome summary judgment, especially where the defendants' state of mind and intent are at issue." Id. at 5.

Magistrate Judge Lindsay applied the proper standard of review, stating that the parties' Rule 56.1 Statements were "construed in the light most favorable to the non-moving party" and that "[t]he facts set forth in [the] [R]eport are taken from either the uncontested facts in the defendants' Rule 56.1 Statement or the documentary evidence submitted by the parties in connection with [the] motion." Report at 2, n.2. Magistrate Judge Lindsay also noted that "many of the exhibits annexed to counsel for the plaintiff's declaration are copies of the same documents produced by the defendants in support of their motion." Id. It is clear from the Report that Magistrate Judge Lindsay thoroughly considered the evidence presented, and plaintiff has failed to identify any specific statements by defendants that were improperly accepted as true or any evidence that was improperly ignored. Except insofar as plaintiff raises specific objections, which are addressed in further detail below, the Court will not undertake an independent de novo review of the record upon the basis of this conclusory objection. Therefore, the objection is overruled.

B.  Direct Evidence of Discriminatory Animus

Magistrate Judge Lindsay determined that plaintiff has failed to present direct evidence of Talley's discriminatory animus and that plaintiff's claims are therefore subject to the McDonnell Douglas burden-shifting test. Report at 15; see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973); Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985) ("[T]he McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination."). Plaintiff argues that she has offered direct evidence of Talley's discriminatory animus, including: (1) O'Brien's deposition testimony that "he has no reason to disbelieve" Frank Scimeca's statement in an affidavit that Talley had made racially discriminatory comments in the past; and (2) Jones' deposition testimony that she believed Talley had made racially discriminatory statements about her. Objections at 7-8.

"[T]he evidence proffered by the party opposing summary judgment must be of a type that would be admissible at trial," Cerque v. Stryker Corp., No. 11 Civ. 9208, 2013 WL 1752284, at *4 (S.D.N.Y. Apr. 23, 2013), and therefore "hearsay testimony that would not be admissible if testified to at trial may not properly be set forth in the Rule 56(e) affidavit," Beyah v. Coughlin, 789 F.2d 986, 989 (2d Cir. 1986) (internal quotation marks and alterations omitted); see also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 924 (2d Cir. 1985) ("[The non-moving party] cannot rely on inadmissible hearsay in opposing a motion for summary judgment, absent a showing that admissible evidence will be available at trial.") (citations omitted). Magistrate Judge Lindsay correctly found that "[t]he testimony of O'Brien and Jones commenting on the affidavit of a co-worker in which he reiterates derogatory statements allegedly made by Talley is inadmissible hearsay," and therefore does not constitute direct evidence of Talley's discriminatory animus. Report at 18. Although plaintiff argues that

4

"the reference to the affidavit of Scimeca should have been considered as further evidence of Talley's propensity for making discriminatory remarks about African Americans and women since it is a sworn affidavit," Objections at 8, she only offered as evidence the testimony of O'Brien and Jones about Scimeca's affidavit, not the affidavit itself. The Court also agrees with Magistrate Judge Lindsay that, even if there were admissible evidence of Talley's past comments, they are "not probative of the defendants' motive for taking action against Greene," Report at 18, because the comments are "remote and oblique . . . in relation to the employer's adverse action," Tomassi v. Insignia Fin. Grp., Inc., 478 F.3d 111, 115 (2d Cir. 2007), abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177-78 (2009).

Plaintiff also relies upon O'Brien's testimony that he heard Talley make a comment about Christopher Dowdy's race when he applied for a position as an Assistant Principal and argues that Magistrate Judge Lindsay erred in deeming the comment about Dowdy a "'stray remark' not aimed at [plaintiff]" and thus not probative of Talley's discriminatory intent in this case. Report at 17 n.19. Plaintiff notes that the Second Circuit has held that "stray remarks" should be considered in the context of all the evidence to determine whether they may support a reasonable inference of discriminatory animus and not "first . . . categorized either as stray or not stray and then disregarded if they fall into the stray category." Tomassi, 478 F.3d at 116.

Magistrate Judge Lindsay's finding that Talley's comment about Dowdy did not support a reasonable inference of discriminatory animus in this case was not based upon a rigid characterization of the comment as "stray" or "not stray," but rather was consistent with the Second Circuit's guidance that "the more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination." Id. at 115; see also Henry v. Wyeth Pharm., Inc., 616 F.3d 134, 149 (2d Cir. 2010) ("In

determining whether a remark is probative, [district courts in the Second Circuit] have considered four factors: (1) who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e., whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to the decision-making process)."). The Court agrees with Magistrate Judge Lindsay that Talley's comment about Dowdy was too remote and oblique in relation to his actions in this case to constitute direct evidence of his discriminatory animus. See, e.g., Adam v. Glen Cove Sch., No. 06-CV-1200, 2008 WL 508689, at *8 (E.D.N.Y. Feb. 21, 2008) ("[T]he alleged isolated remarks by Jimmy and Familetti when considered in the context of all the evidence, are too 'remote and oblique . . . in relation to the employer's adverse action' to permit a reasonable jury to find for plaintiff."); Brollosy v. Margolin, Winer & Evens, LLP, No. 04-CV-0873, 2006 WL 721433, at *10 (E.D.N.Y. Mar. 20, 2006) ("In order for the remarks to be deemed significant, the plaintiff must show their nexus to the adverse employment decision.").

Plaintiff also asserts that she "established that defendant Talley engaged in racial slurs through the direct testimony of O'Brien, who [sic] when questioned about statements that Talley made to Frank Sciemeca [sic], as set forth in a sworn affidavit, stated that he had no reason to disbelieve Mr. Sciemeca's [sic] sworn statement that Talley referred to defendant Jones as 'black bitch.'" Objections at 8. O'Brien's unsupported belief about whether the statements were made does not constitute admissible evidence.

Lastly, plaintiff argues that she "provided evidence[, in the form of a chart prepared by defense counsel listing other complaints of discrimination against the District and Talley, Report at 19,] that Talley has been the subject of numerous complaints [t]o the NYS Division of Human

6

Rights and EEOC regarding allegations of race discrimination." Objections at 8. This evidence is inadmissible hearsay. See Report at 19 ("While[] the direct testimony of other employees about their treatment by the defendants may be relevant to the issue of the employer's intent, the complaints, themselves, are also inadmissible hearsay.") (citation omitted).

For the foregoing reasons, Magistrate Judge Lindsay did not err in concluding that plaintiff has failed to show direct evidence of discriminatory animus, and plaintiff's objection is overruled.

C. Constructive Discharge

Plaintiff argues that Magistrate Judge Lindsay "erred in declining to find that plaintiff had experienced the adverse employment action of constructive discharge" by "treat[ing] as one action plaintiff's forced resignation/retirement and the separate action in denying her tenure." Objections at 9. According to plaintiff, "the testimony of Jones, as well as the documentary evidence of tenure reports to the Board establish that the District was considering plaintiff's tenure well before the Nunez incident" in November 2008. Objections at 9-10.

The portions of the record cited by plaintiff do not support this assertion. See Report at 23 ("There is not a shred of evidence suggesting that before the Nunez incident, the Board had already begun to consider Greene's eligibility for tenure or that their desire to deny her of that privilege somehow influenced Jones' decision."). In fact, the evidence shows that plaintiff was not eligible to be considered for tenure until August 2009. See [Docket Entry No. 57-4]; Deposition of John Agostini [Docket Entry Nos. 53-6, 53-7] at 121:12-17 ("[T]hese are the people notified in November that the following September these people would be tenure eligible. It's just an alert that it would be coming up for a vote at some point during the year.").

Plaintiff further argues that she "clearly submitted that the verbal reprimands by Lange

7

and Jones, the written reprimand by Jones, the persistent threats of termination with the representation that it would be carried out; the persistent ultimatums by Jones that either plaintiff retire or she will be terminated; and the forced termination/resignation all constituted . . . the adverse employment action of constructive discharge." Objections at 10 (citing Complaint ¶¶ 81-93). Magistrate Judge Lindsay addressed this argument, finding that "the record indicates that these actions did not . . . create the type of atmosphere that would have compelled a reasonable person in Green's shoes to resign." Report at 24; see Stetson v. NYNEX Serv. Co., 995 F.2d 355, 361 (2d Cir. 1993) ("[A] claim of constructive discharge must be dismissed as a matter of law unless the evidence is sufficient to permit a rational trier of fact to infer that the employer deliberately created working conditions that were so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.") (internal quotation marks omitted). According to plaintiff, this finding is "contrary to the body of decisional law that recognizes that threats of termination can be of the utmost importance when alleged in the context of a constructive discharge claim," and "a 'triable issue of fact as to constructive discharge may be demonstrated by proof that an employee was presented with the decision to resign or be fired.'" Objections at 11 (quoting Rupert v. City of Rochester Dep't of Envtl. Servs., 701 F. Supp.2d 430, 440 (W.D.N.Y. 2010) (declining to decide whether the plaintiff was constructively discharged and instead granting summary judgment to the defendant because the plaintiff failed to raise a triable issue of fact as to pretext) (citing Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1188 (2d Cir. 1983) ("The record in this case amply demonstrates that Lopez has raised a genuine issue of fact as to whether he was constructively discharged when, as he alleges, Hunsberger told him he would be fired at the end of the 90-day probationary period no matter what he did to improve his allegedly deficient performance.")); see also Murray

v. Town of N. Hempstead, 853 F. Supp.2d 247, 270 (E.D.N.Y. 2012) ("Although threats of termination alone have occasionally been held to be sufficient to permit a rational trier of fact to find that a reasonable person in the employee's shoes would have felt compelled to resign, those cases involved a direct and/or repeated threats from the employer, along with some other adverse conduct.").

Plaintiff's argument fails because the evidence does not show that she was given the choice to resign or be fired; plaintiff "could have waited for Jones['] explanation [of why she was recommending plaintiff's termination] and submitted a response directly to the Board before submitting her resignation" instead of "cho[osing] to respond to the allegations fifteen days after she had already submitted her notice of resignation." Report at 24. The Court finds no errror in Magistrate Judge Lindsay's determination that "[t]he only action taken by the defendants was Jones' recommendation to terminate Greene's employment" and that, because "Jones . . . was not the final decision maker," plaintiff had an opportunity to respond but chose to resign instead. Report at 23; See Weisbecker v. Sayville Union Free Sch. Dist., 890 F. Supp.2d 215, 234 (E.D.N.Y. 2012) ("With respect to Jones' recommendation to the Board that plaintiff be terminated as a probationary teacher, based on the evidence in the record in this case, this was not an adverse employment action as a matter of law[,] . . . [because] (1) the recommendation was made by Jones, who was not the final decision maker with respect to termination, (2) plaintiff was notified of the recommendation of termination well in advance of the Board's meeting, and (3) plaintiff was afforded extensive process . . . to request Jones' reasons for the recommendation and provide a responsive statement to the Board."); see also Bailey v. N.Y.C. Bd. of Educ., 536 F. Supp.2d 259, 266 (E.D.N.Y. 2007) ("[W]hen an employee resigns rather than respond to disciplinary charges, the resignation cannot later be construed as a constructive

discharge."); Silverman v. City of N.Y., 216 F. Supp.2d 108, 116 (E.D.N.Y. 2002) ("[T]he fact that [the plaintiff] could have sought a hearing before being terminated eviscerates his claim that threats of termination created an 'intolerable' situation which left him but one choice: resignation."); Stembridge v. City of N.Y., 88 F. Supp.2d 276, 286 (S.D.N.Y. 2000) ("[P]laintiff had the opportunity to present his side of the story in the scheduled disciplinary hearing. It is impossible to know whether the hearing could have actually remedied the situation or addressed the . . . misconduct because plaintiff chose not to participate in the process.").[1]

Moreover, even if plaintiff was constructively discharged prior to her resignation, the issue is irrelevant to the ultimate disposition of the motion in light of the Court's adoption of Magistrate Judge Lindsay's conclusion, discussed in further detail below, that defendants had a legitimate, non-pretextual reason for terminating her. Therefore, the objections are overruled.

D. Qualification for Promotion

With respect to the failure to promote claim, Magistrate Judge Lindsay found that plaintiff failed to establish a prima facie case of discrimination because the evidence showed that the position began after the effective date of plaintiff's retirement and that she was therefore not qualified for the position. Report at 24-25. Plaintiff repeats the argument made below that her retirement was not a bar to the position because she was not retired at the time she submitted her application, and that defendants could have rescinded their decision to accept her retirement. Objections at 13. Magistrate Judge Lindsay correctly disposed of these arguments, finding that plaintiff's retired status as of the start of the position was dispositive and that her status as of the

---

[1] Plaintiff asserts, without explanation, that Magistrate Judge Lindsay "incorrectly determine[d] that plaintiff resigned before Jones and the Board could act on Jones' recommendation to terminate plaintiff, and therefore there was no adverse reaction." Objections at 10. The record demonstrates that plaintiff submitted her resignation on February 5, 2009, prior to the February 25, 2009 Board meeting at which Jones planned to recommend plaintiff's dismissal. Report at 11.

10

date she submitted her application was irrelevant. Report at 25-26. The remainder of plaintiff's objections to the recommended dismissal of this claim only repeat the original arguments made below and are without merit. See Frankel, 2009 WL 465645, at *2 ("[W]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error."). Therefore, the objections are overruled.

E. Pretext

Plaintiff objects to Magistrate Judge Lindsay's finding that, even if plaintiff established a prima facie case of discrimination, her claims would nonetheless fail because "defendants have articulated [] non-discriminatory reasons for their actions and there is no evidence of a pretext." Report at 26. Plaintiff's objection repeats the same arguments she made in opposition to the motion for summary judgment, i.e., that plaintiff should not have been found at fault in the Nunez incident and that there was a difference of opinion among her supervisors and Board members regarding whether dismissal was a proper sanction for her conduct. Objections at 13-15.

The Court has reviewed Magistrate Judge Lindsay's findings and agrees that, viewing the record as a whole and construing all ambiguities in plaintiff's favor, no reasonable juror could conclude that defendants' stated reason for plaintiff's treatment was pretextual and that discriminatory animus was a motivating factor. See Bickerstaff v. Vassar College, 196 F.3d 435, 446 (2d Cir. 1999) ("The defendant's burden of production [to articulate a legitimate, nondiscriminatory reason for its actions] is not a demanding one; she need only offer such an explanation for the employment decision. . . . [T]he ultimate burden of persuasion remains always with the plaintiff."). Defendants' investigation concluded that plaintiff's conduct in the Nunez incident was irresponsible and dangerous, and plaintiff has failed to offer evidence to

11

support the conclusion that the conclusion was pretextual. Dister v. Continental Grp., Inc., 859 F.2d 1108, 1116 (2d Cir. 1988) ("Evidence that an employer made a poor business judgment in discharging an employee generally is insufficient to establish a genuine issue of fact as to the credibility of the employer's reasons."). Therefore, plaintiff's objection is overruled.

F. Disparate Treatment

Plaintiff objects to Magistrate Judge Lindsay's finding that plaintiff "has not offered sufficient evidence to support her contention that she was treated differently with respect to the disciplinary measures than other similarly situated employees." Report at 30; Objections at 15. As plaintiff acknowledges, "there must be an 'objectively identifiable basis for comparability' between the plaintiff and the comparator employee, which includes an assessment of 'whether the conduct for which the employer imposed discipline was of comparable seriousness.'" Objections at 15 (quoting Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000)). The Court finds that Magistrate Judge Lindsay thoroughly considered plaintiff's proffered comparators with respect to disciplinary treatment and properly determined that they are not similarly situated to plaintiff.

With respect to plaintiff's claim that she was subjected to disparate treatment in being denied the promotion, Magistrate Judge Lindsay found that: (1) plaintiff failed to present evidence that the employees interviewed for the position had, like plaintiff, "engaged in conduct that should have [a]ffected their employment prospects"; (2) Escobores provided sworn testimony that he withdrew his application for the position due to personal commitments, not due to presssure from Talley to make way for a white candidate; (3) plaintiff's own assessment of her work experience did not establish that she was more qualified for the position than Farnetti; and (4) diversity in the District's hiring undermined any inference of discrimination. Report at 33-

34.     Plaintiff argues that Magistrate Judge Lindsay erred in relying upon hiring data through 2011, two (2) years after plaintiff's retirement, in determining that the diversity of defendant's administrators undermined any inference of discrimination. Objections at 19. The data showed that "from 2004 to 2011, the District hired nineteen minority individuals as principals and assistant principals," Report at 34, and the inclusion in this data of individuals hired after plaintiff's retirement does not diminish the weight of the evidence. Moreover, even if consideration of this data was improper, plaintiff's claim nonetheless fails due to the absence of evidence supporting an inference of discrimination. The remainder of plaintiff's objections only repeat her original arguments, and the Court finds no clear error in Magistrate Judge Lindsay's findings. Therefore, plaintiff's objections are overruled.

G.   Retaliation

To present a prima facie case of retaliation, a plaintiff must present evidence sufficient to permit a rational trier of fact to find that (1) the employee engaged in conducted protected under Title VII, (2) the employer was aware of the protected activity, (3) the employer took adverse action against the employee, and (4) a causal connection exists between the protected activity and the adverse action. Kessler v. Westchester Cnty. Dep't of Soc. Servs., 461 F.3d 199, 205-06 (2d Cir. 2006); Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001)). Magistrate Judge Lindsay found that plaintiff has failed to present evidence sufficient to find that defendants took adverse action against her in retaliation for any protected activity, stating that "[t]he record is devoid of evidence that the defendants limited [plaintiff's] duties or responsibilities after she complained about discriminatory behavior" or that she was subjected to a hostile work environment. Report at 36-37.

Plaintiff's objection to the recommended dismissal of her retaliation claim does not

13

address Magistrate Judge Lindsay's finding that there is no evidence that she was subjected to the claimed adverse employment actions. Instead, plaintiff only argues that Magistrate Judge Lindsay erred in doubting the veracity of plaintiff's testimony that she told Jones, Lange and O'Brien that "she felt that she was being discriminated against ... set up, because [she] would have been the first African-American principal on the high school level." Objection at 19-20; Report at 35 (stating that "the meeting(s) with Jones, Lange and O'Brien occurred before February 5, and the notice for the position as EHS Principal was not posted until March"). Even if plaintiff was aware that the principal position would be available before it was posted and raised her concerns about discrimination at the meeting, the issue is irrelevant to Magistrate Judge Lindsay's basis for recommending dismissal of the claim, i.e., that there is no evidence that defendants took adverse action against plaintiff in retaliation for her complaints. Objections at 19-20. Because plaintiff has failed to address this issue in her objections, the Court is only required to review the finding for clear error and finds none. Therefore, plaintiff's objection is overruled.

H. Sections 1981 and 1983

Given plaintiff's failure to present evidence of a constitutional violation, she cannot sustain a claim pursuant to sections 1981 or 1983, and the objections to the recommended dismissal of these claims are overruled.

I. Remaining Objections

To the extent that plaintiff has raised objections not specifically addressed above, the Court has determined that they are either reiterations of her original arguments or are not sufficiently specific to trigger de novo review of Magistrate Judge Lindsay's conclusions. The Court has reviewed the Report in its entirety and is satisfied that there is no clear error on the

14

face of the record, and therefore any remaining objections are denied.

III. Conclusion

For the foregoing reasons, Magistrate Judge Lindsay's Report is adopted in its entirety as an order of the Court. Defendant's motion for summary judgment [Docket Entry No. 49] is granted and plaintiff's complaint is dismissed with prejudice. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: August 13, 2013
Central Islip, New York

15